Opinion adopted by the Supreme Court.

## WHITE v. STATE.

### No. 19728.

Court of Criminal Appeals of Texas.

Nov. 9, 1938.

For former opinion, see 120 S.W.2d 452.

Art Schlofman, of Dalhart, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Appellant requests leave to file second motion for rehearing. The case was disposed of originally without discussion of his bills of exception because they could not be appraised in the absence of a statement of facts. It appeared on original motion for rehearing that the statement of facts was then before the court and that its absence originally was no fault of appellant. We then on motion for rehearing for the first time discussed the bills of exception and disposed of the case on its merits. The present motion is really the first motion on the merits, hence we permit same to be filed.

The present motion challenges our disposition of appellant's complaint based on a denial of a continuance. We have carefully re-examined bill of exception No. 1 which brings forward the complaint mentioned and are confirmed in the view expressed originally that the court committed no error in refusing the continuance. The learned trial judge approved the bill with the following qualification: "* * * this was defendant's second motion for continuance; it had been postponed twice at the request of the defendant to procure testimony of these same witnesses besides their two motions for a continuance." This qualification having been accepted without objection from appellant would warrant this court in overruling appellant's complaint without further observation. However, we note that as to the witness Valdez; he was known to be a resident of New Mexico. No effort was made to secure his evidence by deposition, but process was served on him on some occasion when he was in Texas. The trial court was in no position to

enforce obedience to said process, the witness being a non-resident. See 9 Tex. Jur., Sec. 105, p. 795, and cases there cited.

It is apparent that the diligence sworn to by appellant in his application for continuance as to efforts to take depositions of the other witnesses is based largely on hearsay, appellant having been in jail and necessarily having no personal knowledge of the matters averred. There is no affidavit from appellant's attorney or other parties who might know the facts. We fail to perceive any substantial reason why the depositions of these witnesses could not have been secured by proper diligence.

Appellant's second motion for re-hearing is denied.